SHUMAKER, RESPONDENT, v. TRACY, ET AL., APPELLANTS.

No. 9134.

Submitted November 18, 1952. Decided February 19, 1953.
Rehearing denied March 13, 1953.

253 Pac. (2d) 1053.

Mr. P. F. Leonard, Miles City, for appellants.
Mr. Hugh J. Lemire, Miles City, for respondent.
Mr. Leonard and Mr. Lemire argued orally.

MR. JUSTICE FREEBOURN:

P. J. Shumaker sued A. C. Tracy, his wife Mary Tracy and others, seeking to quiet title to certain land in Custer county, Montana. From a judgment in favor of plaintiff, P. J. Shumaker, the defendants, A. C. Tracy and Mary Tracy, appeal.

The evidence shows that W. S. Jones, a resident of Sparta, Wisconsin, had been for many years, and was in 1934, the record owner of the northeast quarter of section 15, in township 9, north of range 55 east, in Custer county, the land involved in this appeal. The taxes on the land became delinquent for the year 1934, and Custer county, at delinquent tax sale, on July 25, 1935, bought such land. The county gave notice of application for tax deed on April 30, 1941.

By county commissioners' deed, dated December 3, 1941, and filed for record on December 4, 1941, Custer county sold and transferred title to the land to Payton J. Shumaker, Sr., plaintiff and respondent. Shumaker, since he received such deed, has paid the taxes on, been in "continuous possession" of and "has cultivated and improved" such land.

Shumaker commenced his action to quiet title to this land on March 17, 1950, and made the Tracys defendants, undoubtedly because the clerk and recorder's records disclosed a quitclaim deed covering this land from Mary Jones, widow of W. S. Jones, who died November 26, 1933, to A. C. Tracy. Issues having been joined and trial had, the trial judge found in

favor of Shumaker and against the Tracys and this appeal followed.

Appellants in their brief state their position in this way: "The facts are not in dispute and if the tax deed was valid, the judgment was correct, but if the tax deed was void, the judgment should be reversed."

It is asserted by appellants that the tax deed given by the county to Shumaker December 3, 1941, was void because: (1) The statutes then in force required that notice to W. S. Jones be published, which was not done; (2) that Tracy was in possession of the lands and had fenced it and no notice was served on him, as the occupant of the land and a person interested in the land; and (3) that an affidavit as required by the statute then in force was not filed with the county treasurer.

R. C. M. 1935, sec. 2209, then controlling, now R. C. M. 1947, sec. 84-4151, provides: That notice of application for tax deed shall be served "upon the owner of the property purchased, if known, and upon the person occupying the property, if the said property is occupied"; notice to the owner "shall be given by registered letter addressed * * * at the post office address of said owner * * *. In case of unoccupied property * * * such notice must be by registered mail deposited in the post office, addressed to any known owner residing in or outside of said county * * * provided, that in all cases where the post office address of the owner * * * is unknown, the applicant shall publish * * * in a newspaper * * * Notice of Application for Tax Deed".

The address of the record owner, W. S. Jones, was known, and since the sheriff, as shown by his affidavit of service, sent by registered mail the notice of tax application to W. S. Jones, addressed to him at 113 N. Benton St., Sparta, Wisconsin, service of such notice complied with the statute and no publication in a newspaper was required.

We think, too, that the sheriff was right in determining that the land was unoccupied and the court correct in finding that the land was "not occupied and the defendant, A. C. Tracy,

was not occupying said lands on April 30, 1941, and thereafter during the time when Custer County was giving notice of application for tax deed thereto, and that Custer County did not know and in the exercise of reasonable diligence could not have known that the defendant, A. C. Tracy, had or claimed an interest therein * * *''

When the sheriff, according to his affidavit, posted notice of application for tax deed on the land, he found it ''unoccupied.'' The land had not been cultivated and no buildings of any kind were upon it.

According to Tracy this land and ''other tracts of lands'' were all one pasture. He had used it ''since '37'' and until Shumaker received the county commissioners' deed on December 3, 1941, but never thereafter. Such use, one must conclude from the record, was for stock grazing purposes only.

Although a rough hand drawn sketch in evidence would indicate the four-sided piece of land was fenced on three sides at the time of trial, Tracy testified he only ''built a fence on the east side of that land that is in question.''

Tracy's actions neither made the land ''occupied,'' nor constituted Tracy an occupant of the land, and did not inform the sheriff that Tracy claimed an interest in such land, which would entitle Tracy to notification of the application for a tax deed. Indeed, Tracy's actions would indicate that he was not an occupant of the land and did not claim to be such. For, although the land was quitclaimed by Mary Jones to Tracy on February 14, 1941, he did not file such deed for record until January 22, 1945. When asked if there were ''any reason for that,'' Tracy answered, ''No.''

Moreover, Tracy quit using the land when Shumaker received his tax deed on December 3, 1941, and made no attempt to use it thereafter. Nor is there any evidence that would indicate that Tracy protested the taking of possession of the land and the use thereof by Shumaker until Tracy made his appearance in this action.

R. C. M. 1935, sec. 2212, now R. C. M. 1947, sec. 84-4156,

provides: "No deed of the property sold at a delinquent tax sale must be issued by the county treasurer * * * to the purchaser of the property, until after such purchaser shall have filed with the treasurer * * * an affidavit showing that the notice hereinbefore required to be given has been given as herein required, which said affidavit must be filed by the treasurer as other files, papers, and records kept by him in his office. * * *"

The record shows that there appears in the records, papers ▮ and files of the county treasurer the affidavit of M. E. Flinn, subscribed and sworn to before the clerk of the district court on August 2, 1941, showing: That the sheriff found the land to be unoccupied and posted a copy of the notice of application for tax deed on the land; that the owner of the land was W. S. Jones, to whom a true copy of the notice of application for tax deed was sent by registered mail on May 3, 1941, addressed to 113 N. Benton St., Sparta, Wisconsin. This affidavit complied with the requirements of R. C. M. 1947, sec. 84-4151, then sec. 2209, R. C. M. 1935.

The trial judge, therefore, properly found: "That Custer County did * * * give legal and sufficient notice of application for tax deed to said N. E. ¼ of Section 15 in Township 9, North of Range 55, to the persons entitled thereto * * * which said tax deed was legally issued and delivered to Custer County."

The trial judge correctly concluded: That "plaintiff is the sole owner" of said land.

For the reasons stated the judgment of the district court is affirmed.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES BOTTOMLY and ANGSTMAN: We concur.

MR. JUSTICE ANDERSON not being a member of the court at the time of the oral arguments took no part in the decision.